Filed 10/18/22  P. v. Dunsmore CA4/1
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE, | D080407 |
| Plaintiff and Respondent, |  |
| v. | (Super. Ct. No. SCS215653) |
| DARRYL LEE DUNSMORE, |  |
| Defendant and Appellant. |  |

APPEAL from a judgment of the Superior Court of San Diego County, Lisa R. Rodriguez, Judge.  Affirmed.

Darryl Dunsmore, in pro. per.; and Dawn S. Mortazavi, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury convicted Darryl Lee Dunsmore in March 2010 of attempted voluntary manslaughter while personally inflicting great bodily injury (Penal Code,[1] §§ 192, subd. (a), 664, 12022.7, subd. (a)), assault with a deadly

---

[1]     Further statutory references are to the Penal Code unless otherwise specified.

weapon while personally inflicting great bodily injury (§§ 245, subd. (a)(1), 12022.7, subd. (a)), and assault with a deadly weapon (§ 245, subd. (a)(1)). The court found true allegations that Dunsmore had a prior prison sentence (§ 667.5, subd. (b)), a serious felony prior (§ 667, subd. (a)(1)), and a strike prior (§§ 667, subds. (b)–(i), 1170.12, 668). The court sentenced him to a total term of 22 years in prison.

On his direct appeal, we affirmed the conviction in an unpublished opinion. However, we reversed the portion of the judgment related to fines, fees, surcharges, and penalty assessments and remanded with directions. (*People v. Dunsmore* (Dec. 22, 2011, D057645).) In an appeal from the order on remand, we reversed and remanded again with directions for the trial court to correct certain sentencing errors, modify certain fines and assessments, and to exercise its discretion about whether to strike the five-year enhancement for Dunsmore's prior serious felony conviction under section 667. We also noted the trial court imposed, but stayed, an enhancement of one year for the prior prison term conviction (§ 667.5, subd. (b)) when it should have been stricken. (*People v. Dunsmore* (Oct. 8, 2019, D074656 [unpub. opn.]) citing *People v. Jones* (1993) 5 Cal.4th 1142, 1153.)

On remand, in July 2020, the trial court struck the prior prison enhancement (§ 667.5, subd. (b)), resentenced Dunsmore to a total term of 21 years, and imposed fines and fees as directed by our prior opinion. The court considered but declined to strike the serious felony prior concluding the interest of justice would not be served. In a subsequent appeal, we determined the court erred in recalculating Dunsmore's actual custody credits and we modified the judgment. We affirmed in all other respects. (*People v. Dunsmore* (Jul. 23, 2021, D077762 [unpub. opn.]).)

In 2021, Dunsmore filed a petition for resentencing under section 1170.95, which the trial court denied after determining that attempted voluntary manslaughter was not an offense covered by section 1170.95, as amended by Senate Bill No. 775. We affirmed the order in an unpublished opinion. (*People v. Dunsmore* (June 30, 2022, D079851).)

In March 2022, Dunsmore filed another motion for resentencing contending he qualifies for resentencing because he "has served his base term and is currently serving enhancement time under [section ] 667.5[, subdivision (b)]" which is legally invalid under amendments to former section 1171.1 (renumbered as section 1172.75) pursuant to Senate Bill No. 483. Although his petition was not clear, he appeared to again object to his prior serious felony enhancement and complained about not being given a hearing and appointed counsel for the sentence recall.

The trial court summarily denied the request for resentencing stating, "defendant does not qualify for relief under [Senate Bill No.] 483, as his sentence . . . [was] not enhanced by an eligible prison prior pursuant to . . . [section] 667.5[, subdivision ](b) or an eligible prior drug conviction pursuant to Health & Safety Code [section] 11370.2." The court directed the clerk of the court to forward Dunsmore's request and the court's order to the office of the primary public defender who could refile the motion if, after review of the case, they believed he was eligible for relief. Dunsmore filed a timely notice of appeal.

Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating counsel was unable to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Dunsmore the opportunity to file

his own brief on appeal and he has responded. We will discuss his submission below.

## STATEMENT OF FACTS

The facts of the offenses are set forth in our previous opinion on the merits, (*People v. Dunsmore, supra*, D057645). We will not repeat them here as they are not relevant to the issues on appeal.

## DISCUSSION

Appellate counsel filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel identified the following possible issues which were considered in evaluating the potential merits of this appeal:

1. Did the trial court improperly deny Dunsmore's motion for resentencing?

2. Did the trial court prejudicially err in failing to address appellant's motion for resentencing his prior serious felony enhancement and mistakes in the fourth amended abstract of judgment?

Dunsmore's supplemental letter is identical in nearly every respect to the letter he filed in connection with his appeal in case number D079851, only the case number and dates associated with his signatures have been changed. He again lists a wide range of complaints about his appellate counsel being ineffective for not providing a better record, his original conviction, and the calculation of custody credits, fees, and fines. He states his offense comes within the resentencing statute as amended by Senate Bill No. 775. He does not, however, address the court's April 1, 2022 order denying his most recent request for resentencing under Senate Bill No. 483.

In short, Dunsmore's contentions do not identify arguable issues for reversal on appeal based on the record before us.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Dunsmore on this appeal.

## DISPOSITION

The order denying Dunsmore's petition for resentencing is affirmed.

O'ROURKE, J.

WE CONCUR:


HUFFMAN, Acting P. J.


HALLER, J.